PM: USAO # 2022R00501
hmg.11.19.25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. MJM 25cr362 |
| | * | |
| v. | * | (Conspiracy to Commit Wire Fraud, |
| | * | 18 U.S.C. § 1349; Aggravated |
| VANESSA VALDEZ, | * | Identity Theft, 18 U.S.C. § |
| | * | 1028A(a)(1), (c)(5); Forfeiture, 18 |
| Defendant. | * | U.S.C. § 981(a)(1)(C), 21 U.S.C. § |
| | * | 853(p), 28 U.S.C. § 2461(c)) |
| | * | |
| | * | |

******

USDC- BALTIMORE
'25 NOV 20 PM 2:56

### INFORMATION

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The United States Attorney for the District of Maryland charges that:

### Introduction

At times relevant to this Information:

1. Defendant **VANESSA VALDEZ ("VALDEZ")** was a resident of Maryland.

2. CONSPIRATOR 1, CONSPIRATOR 2, and CONSPIRATOR 3 were real persons residing in Maryland.

3. Identity Victim # 1 was a real person residing in New York.

4. The Maryland Department of Labor ("MD-DOL") was the state workforce agency ("SWA") that operated the unemployment insurance ("UI") system in Maryland.

5. Bank of America ("BOA") was a financial institution within the meaning of 18 U.S.C. § 20. BOA administered UI debit cards on behalf of the MD-DOL.

**Background on State Unemployment Insurance**

6. UI was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own.

7. To be eligible for UI benefits in Maryland, an applicant also had to have been employed in Maryland, and the applicant had to be able to work and available for work.

8. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits. Although these programs were largely administered by state workforce agencies, the federal government funded the increased benefits.

9. UI benefit applicants used their means of identification in filing benefits claims, and the SWAs then used that personal identifying information in receiving, reviewing, and processing UI claims.

10. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, citizenship, Social Security Number ("SSN"), and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work.

11. The MD-DOL relied upon the information in the application and documents submitted in association with the application to determine UI benefits eligibility. Furnishing false information or withholding any material information could result in disqualification from receiving unemployment insurance benefits.

12. Once an application was approved, the MD-DOL distributed state and federal UI benefits electronically, for example, to a Bank of America debit card, which claimants could use to withdraw funds and make purchases. Claimants could activate their debit card via telephone or online.

13. In Maryland, UI claims were received by computer servers located outside of Maryland, which then routinely transmitted claim information, including, without limitation, claimant names, reports, and payment information.

14. Servers for BOA UI benefits debit cards were located outside of Maryland.

## The Conspiracy and Scheme to Defraud

15. Beginning in at least in or about May 2020 and continuing through at least in or about September 2021, in the District of Maryland and elsewhere, the Defendant,

**VANESSA VALDEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with CONSPIRATOR 1, CONSPIRATOR 2, CONSPIRATOR 3, and with other persons known and unknown to the United States Attorney, to knowingly devise and intend to devise a scheme and artifice to defraud the United States, the MD-DOL, BOA, and individuals, to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to wit: submitting claims for MD-DOL UI benefits by misusing the identity of others, submitting false documentation in support of UI claims to the MD-DOL, and providing false information to the MD-DOL about the alleged claimants' eligibility for benefits, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

3

**The Object of the Scheme to Defraud**

16. It was the object of the conspiracy and scheme to defraud for the Defendant and her co-conspirators to personally enrich themselves by fraudulently obtaining and attempting to obtain UI benefits for their personal use and benefit.

**Manner and Means of the Conspiracy and the Scheme to Defraud**

17. It was part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators obtained the means of identification of multiple real persons, including Identity Victim # 1 named above, such as name, date of birth, and social security number, and other personal identifying information.

18. It was further part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators submitted and caused the electronic submission of UI applications using the means of identification of identity victims.

19. It was further part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators provided false information to the MD-DOL about the identity victims' addresses, phone numbers, email addresses, employment status, work history, wages, and eligibility for benefits.

20. It was further part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators provided false and fraudulent documentation to the MD-DOL.

21. It was further part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators sought UI benefits for individuals who were employed, as well as individuals who lacked the ability to legally work in the United States, and, therefore, were not eligible for UI benefits.

22. It was further part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators' submission of information to the MD-DOL caused interstate wire communications beginning and ending in Maryland.

23. It was further part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators caused funds to be loaded onto BOA UI benefits debit cards issued in the names of identity victims, which were mailed to physical addresses located in Maryland.

24. It was further part of the conspiracy and scheme to defraud that the Defendant and her co-conspirators obtained BOA UI benefits debit cards and used and attempted to use the BOA UI benefit debit cards issued in the name of identity victims.

25. It was further part of the conspiracy and scheme to defraud that the use of the BOA UI benefits debit cards by the Defendant and her co-conspirators caused interstate wire communications that began in Maryland.

18 U.S.C. § 1349.

## COUNT TWO
### (Aggravated Identity Theft)

The United States Attorney for the District of Maryland further charges that:

1. Paragraphs 1 through 14 and paragraphs 17 through 25 of Count One of this Information are incorporated here by reference.

2. On or about November 24, 2020, in the District of Maryland and elsewhere, the Defendant,

**VANESSA VALDEZ,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another actual person, to wit: a BOA UI Debit Card ending in # 0129 and associated with Identity Victim # 1, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), that is, Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349, as charged in Count One of this Information.

18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction of the offense charged in Count One of the Information.

### Wire Fraud Forfeiture

2. Upon conviction of the offense set forth in Count One, the Defendant,

**VANESSA VALDEZ**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence

   b. has been transferred, sold to, or deposited, with a third party

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C).
21 U.S.C. § 853(p).
28 U.S.C. § 2461(c).

11/20/2025
Date

KELLY O. HAYES
United States Attorney